**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**TOMMY HAUBRICH,**

        **Petitioner,**

**v.**                                             **Civil Action No. 5:18cv139
                                              (Judge Stamp)**

**FREDERICK ENTZEL,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 22, 2018, the *pro se* Petitioner, Tommy Haubrich, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 4.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 11-0039-03-CR-W-DGK in the United States District Court for the Western District of Missouri, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A.  Conviction and Sentence

On May 23, 2011, a federal grand jury impaneled in the United States District Court for the Western District of Missouri charged the Petitioner in eight of eleven counts of a superseding indictment charging him and others with conspiracy and aiding and abetting the distribution and possession with intent to distribute Schedule I and II controlled substances, in violation of 21 U.S.C. §§ 841(a)(10(b)(1)(C), and 846, and 18 U.S.C. § 1-- Counts One and Two; and conspiracy to burglarize and burglary of controlled substances, in violation of 18 U.S.C. § 2118(b)(1) and (d) -- Counts Four, Five, Seven, and Eight; aiding and abetting possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and criminal forfeiture under 21 U.S.C. § 853 and Rule 32.2. ECF No. 27.

On November 8, 2011, the Petitioner pleaded guilty, pursuant to a written plea agreement, to Counts One, Two, Four, Five, Seven, and Eight of the superseding indictment. ECF No. 60. On December 10, 2011, the Petitioner escaped from custody, while being held at the Lafayette County, Missouri Jail, causing the Government to move to revoke the plea agreement and the district court granted that request.

The Petitioner was subsequently captured and charged in a separate indictment with escape from custody and then entered a plea of guilty to that charge pursuant to another written plea agreement. This new charge added a two-level increase to the Petitioner's base offense level in the earlier case.

On November 13, 2012, the Petitioner appeared before the district court and was sentenced in Case No. 11-00039-03-CRW-DGK to 240 months' imprisonment on Count

2

One, 102 months' imprisonment on Count Two, to be served consecutively to each other, 120 months on Count Four, ad 240 months on Counts Five, Seven, and Eight, to run concurrently with each other and with the sentences on Counts One and Two, for a total sentence of 360 months' imprisonment. ECF No. 141.

### B. Appeal

On November 19, 2012, the Petitioner filed a notice of appeal, and on March 4, 2014, the appeal was denied by the Eighth Circuit Court of Appeals. See United States v. Haubrich, 744 F.3d 554 (8th Cir. 2014). On appeal, the Eighth Circuit found that: (1) the Petitioner acknowledged that his counsel's performance during the change-of-plea hearing was reasonable; (2) at the hearing the Petitioner expressly stated he felt that he had had sufficient time to read and consider the plea agreement; (3) although the district court failed to inform the Petitioner of the maximum penalties for Counts Four and Five, he had not shown that but for that error he would have not pled guilty; (4) the Petitioner agreed to be bound by the guilty plea even if his sentence was more severe than expected; and (5) the Petitioner's arguments regarding acceptance of responsibility and obstruction of justice based on his escape were meritless. Id. at 557-58.

### C. Motion to Vacate

On February 27, 2015, the Petitioner timely filed a motion under § 2255. In his motion and memorandum, the Petitioner raised seven issues, all claiming various and convoluted narratives alleging ineffective assistance of counsel. Grounds One through Five attacked counsel's alleged failure to object to various Guidelines calculations and the standard for proof for applying enhancements. Ground Six claimed that defense counsel failed to advise the Petitioner on plea negotiations, and Ground Seven

addressed the alleged failure of counsel to conduct a thorough investigation of the law and facts.

Of specific relevance to the Petitioner's pending § 2241 petition, he argued that counsel did not object to the career offender enhancement. According to the PSR, the Petitioner was a career offender and subject to career offender enhancement under U.S.S.G. § 4B1.1(c)(2). The PSR determined that the Petitioner's advisory Guidelines range with this enhancement was 360 months to life. According to the PSR, the two prior accountable felony convictions were for offenses involving crimes of violence in Philadelphia County, Pennsylvania, Court of Common Pleas, Case No. CP-51-CR-012-4961-1992 (aggravated assault) and Philadelphia County, Pennsylvania, Court of Common Pleas, Case No. CP-51-CR-021-1831-1993 (aggravated assault). In his § 2255 motion, the Petitioner argued that these two felonies did not fall into the category of crimes of violence by Pennsylvania standards. He asserted that it was not conclusively determined that he knowingly and intentionally meant to cause injury with the above-mentioned aggravated assaults.[2]

On December 30, 2015, the Petitioner's § 2255 motion was denied without an evidentiary hearing. In addition, the Court declined to issue a certificate of appealability. ECF No. 15.

### D.    Instant § 2241 Petition

The Petitioner attacks his sentence alleging that his sentence as a career criminal is no longer valid. More specifically, the Petitioner relies on the decision in

---

[2] In his January 6, 1992 conviction, the Petitioner was charged for intentionally driving into Philadelphia Police Department vehicles and fleeing from police, and his conviction on March 12, 1993, he was charged with possession of a stolen motor vehicle and driving the vehicle towards a Philadelphia police officer, causing him to jump out of the way. ECF No. 13 at 20.

<u>Mathis v. United States</u>[3], 136 S.Ct. 2243 (2016) and argues that his Pennsylvania conviction for aggravated assault does not categorically qualify as a crime of violence and exceeds the scope of the generic definition of aggravated assault.

   For relief, the Petitioner requests that the court vacate his sentence and/or conviction.  ECF 1 at p. 8.

### III. Legal Standard

### A.    Review of Petitions for Relief

   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants.

   As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, even under this less stringent

---

[3] In <u>Mathis</u>, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than  that encompassed by federal generic burglary as defined in <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation

bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415,

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;

    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

(4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

## IV. Analysis

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.  To the extent that the Petitioner requests that  the Court vacate his conviction, it is clear that the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of  the Jones´ test. Furthermore, with respect to his sentence challenge, even if

the Petitioner could satisfy the first and third prongs of <u>Wheeler</u>, he has not established that, after his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong.

Liberally construed, the Petitioner appears to assert that, pursuant to <u>Mathis</u>, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that <u>Mathis</u> does not represent a substantive change in the law. <u>See, e.g.,</u> <u>Stewart v. United States</u>, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that <u>Mathis</u> did not announce a new substantive rule applicable to cases on collateral review); <u>Dimott v. United States</u>, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in <u>Mathis</u> . . . ."); <u>Blackwell v. United States</u>, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, <u>Mathis</u> does not set a new rule.").

Rather than changing settled substantive law in <u>Mathis</u>, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, <u>Mathis</u> sets forth a "procedural rule that has not been made retroactive on collateral review." <u>Fisher v. Rickard</u>, No. 1:17-CV-03730, 2018

WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

In summary, the Petitioner has failed to meet the second prong of either the Jones or the Wheeler test, and his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."   Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: April 17, 2019.

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

11